No. 80,291

STATE OF KANSAS, *Appellee,* v. FREEDOM THANE HAZELTON,
*Appellant.*

(985 P.2d 698)

Opinion filed
May 28, 1999.

*Brent Getty,* assistant appellate defender, argued the cause, and *Lisa Nathanson,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, were on the brief for appellant.

*Robert Forer,* county attorney, argued the cause, and *Carla J. Stovall,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: Freedom Thane Hazelton appeals imposition of a hard 40 sentence after he pled guilty to first-degree premeditated murder.

Hazelton does not dispute the facts. He pled guilty to one count of first-degree premeditated murder, one count of attempted first-degree premeditated murder, one count of obstruction of duty, one count of possession of marijuana, and one count of possession of drug paraphernalia. On the murder count, the district court sentenced Hazelton to life imprisonment without possibility of parole for 40 years. The sentences imposed on the other counts were to run concurrently with the hard 40 sentence.

At the hearing where Hazelton entered his guilty pleas, the prosecuting attorney recited the following factual basis:

"On November 1st, 1996, the defendant, Freedom Thane Hazelton, invited Kyle Lawson and B.J. Woods to target practice with a shotgun in an isolated bean field in Labette County, Kansas, south of Oswego. The defendant's purpose in extending

the invitation was to lure Mr. Lawson and Mr. Woods to an isolated area so he could murder them. Both Mr. Lawson and Mr. Woods accepted the invitation and accompanied defendant to the soybean field. After shooting at targets for a while, defendant, intentionally, deliberately, with premeditation and with the intent to kill B.J. Woods, shot Mr. Woods in the back with a shotgun, which caused Mr. Woods' death. Defendant then pointed his shotgun at Mr. Lawson and, with the intent to kill Mr. Lawson, fired several times at him[,] striking him at least once while Mr. Lawson was running away. Mr. Lawson then collapsed in the bean field. Defendant approached Mr. Lawson, told him he was going to kill him, pointed the shotgun at Mr. Lawson's chest and, with the intent to kill Mr. Lawson, fired the shotgun. As defendant fired, Mr. Lawson turned away and was struck in the shoulder. Shortly thereafter defendant fled the scene after a motorist passed by on the adjacent county road. Less than two hours after leaving the scene of the shooting, defendant entered his residence located in the city of Oswego, Labette County, Kansas. Shortly after arriving and entering his residence, area law enforcement officials surrounded defendant's residence and requested that he surrender. Defendant knowingly and intentionally refused to obey the lawful commands of the officers, which were made in the discharge of their official duty. After several hours, defendant did finally surrender. After defendant was arrested, law enforcement officials discovered in his possession and control seeds and vegetation commonly known as marijuana, as well as . . . drug paraphernalia . . . ."

Hazelton's principal argument is that the aggravating circumstance upon which the district court based imposition of a hard 40 sentence is inapplicable to the facts of this case. The sentencing judge found that K.S.A. 21-4636(b) was applicable and outweighed any mitigating circumstances so that Hazelton should be required to serve a mandatory term of imprisonment of 40 years. K.S.A. 21-4636(b) provides: "The defendant knowingly or purposely killed or created a great risk of death to more than one person."

Hazelton's argument on appeal is that in killing Woods and injuring Lawson, he committed two separate and independent acts, each of which involved only one person. In other words, Hazelton's killing Woods did not create a great risk of death to Lawson; only his shooting Lawson created a great risk of death to Lawson. Thus, the argument continues, creating a great risk of death to Lawson cannot be an aggravating circumstance in the killing of Woods.

Hazelton cites *State v. Brady*, 261 Kan. 109, 929 P.2d 132 (1996). *Brady* does not support the argument. There, the trial court's imposition of two consecutive hard 40 sentences was affirmed. Brady went to the residence of his victims, showed them

that he had a gun, and made them lie face down on the floor while he paced the room for about 15 minutes. He then shot one victim in the head, and then shot the other victim in the head. Brady was convicted of two counts of first-degree murder, and the 21-4636(b) aggravating circumstance was used to enhance each murder conviction.

The State cites *State v. Spain*, 263 Kan. 708, 953 P.2d 1004 (1998). In *Spain*, this court found that the trial court had erred in finding that the risk of death to one of the victims was an aggravating circumstance in the murder of another, but *Spain* is factually distinguishable from the present case. The court's discussion of 21-4636(b) is instructive for the present case. Spain killed the dispatcher and escaped from the Haskell County Jail, took a vehicle, and drove to Colorado where hours later he kidnapped a man. The trial court found that Spain created a great risk of death to the kidnapped man. On appeal Spain argued, as Hazelton does, that it must be the murderous act that places another in danger. This court interpreted 21-4636(b) "to require a direct relationship between creating the great risk of death to another and the homicide. The risk need not be contemporaneous with the homicide, but it must occur in the course of committing the charged murder." 263 Kan. at 718. Spain's shooting the dispatcher was considered to be completed long before he kidnapped the man in Colorado so that the risk of death to the kidnapping victim was not an aggravating circumstance in the murder of the dispatcher.

In the present case, Hazelton had convinced Lawson and Woods to go to an isolated place with him on the pretext of target shooting. Hazelton intended to shoot both Woods and Lawson while the three of them were together in the isolated place. He shot Woods and shortly thereafter shot Lawson. Although not contemporaneous, the two events were so closely connected as to constitute one course of conduct. Thus, for purposes of sentencing under K.S.A. 21-4636(b), the shooting of Lawson occurred in the course of Hazelton's committing the murder of Woods. Hazelton created a great risk of death to more than one person. The trial court did not err in finding that K.S.A. 21-4636(b) is applicable in the present case and imposing the hard 40 sentence.

Hazelton also faults the trial judge for failing "to indicate the standard of proof by which he believed the aggravating circumstances had to be established." He cites *Brady*, which does not require the trial court to state the standard. 261 Kan. at 123-24.

In *State v. Gideon*, 257 Kan. 591, 894 P.2d 850 (1995), the court plainly rejected the argument made here by Hazelton. Gideon contended that because the trial court had not stated what standard it was using, it might have applied the wrong one in weighing aggravating and mitigating factors. This court dismissed the contention as "mere speculation" and stated: "The trial judge is presumed to have applied the correct standard of proof absent a showing to the contrary." 257 Kan. at 615.

We hasten to add that there is no question of proof of the aggravating circumstance in this case—the defendant knowingly killed one person and created a great risk of death to another. Hazelton pled guilty to killing Woods and attempting to kill Lawson by shooting him several times.

Hazelton further argues that the trial judge refused to comply with the statutory requirement that the judge designate in writing which of the statutory factors he found applicable. Hazelton contends that this failing combined with the judge's failure to state a standard of proof produced a fatally deficient sentencing. Hazelton cites no authority for a writing requirement. At the time of sentencing, the trial judge quoted K.S.A. 21-4635(c), which provides in part: "The court shall designate, in writing, the statutory aggravating circumstances which it found." The trial judge announced his intention "to designate them on the record here today and have it transcribed" in fulfillment of the statutory requirement. The State cites *State v. Moncla*, 262 Kan. 58, 936 P.2d 727 (1997), where this court said that the lack of a written statement of the trial court's findings with regard to aggravating circumstances did not constitute a flaw in the procedure. The matter was remanded so that "[t]he lack of a written statement in the journal entry [c]ould be corrected by a nunc pro tunc order, incorporating into the journal entry the findings made on the record by the court at the time sentence was pronounced." 262 Kan. at 79. However, in the present case, remand is unnecessary because the trial judge's findings

were set out in the guidelines sentencing journal entry, albeit in the additional comments section under the sentence for Count 2, attempted first-degree murder, rather than under the sentence for Count 1, first-degree premeditated murder.

The judgment of the district court is affirmed.